James G. HEVERLY,
Plaintiff/Respondent,

v.

UNION PACIFIC RAILROAD COMPANY, Defendant/Appellant.

No. ED 92169.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 8, 2009.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 21, 2009.

Application for Transfer Denied
Dec. 22, 2009.

Thompson Coburn LLP, James W. Erwin, Nicholas J. Lamb, Booker T. Shaw Co-Counsel, St. Louis, MO, for Appellant.

The Lakin Law Firm Lakinchapman, LLC, Gail G. Renshaw, Charles W. Chapman, Wood River, IL, for Respondent.

Before GLENN A. NORTON, P.J., and MARY K. HOFF, J., and LAWRENCE E. MOONEY, J.

ORDER

PER CURIAM.

Union Pacific Railroad Company (Union Pacific) appeals from the judgment on a jury verdict awarding James G. Heverly (Heverly) damages in the amount of $1,427,625 based on his negligence claim against Union Pacific under the Federal Employers' Liability Act (FELA), 45 U.S.C., Section 51 *et seq.* On appeal, Union Pacific argues the trial court erred in denying Union Pacific's: (1) Motion for New Trial because James Eason (Juror Eason), an attorney, intentionally failed to disclose bias against corporations during *voir dire* as suggested on his website; (2) Motion for Judgment Notwithstanding the Verdict because Heverly failed to make a submissible case on the foreseeability element of his FELA claim, and; (3) Motion for New Trial because the Federal Railroad Safety Act (FRSA) precluded Heverly's negligence claim under FELA for "improper ballast" when regulations promulgated under FRSA governing track safety standards included ballast requirements and preempted any such negligence claim. We affirm.

We have reviewed the briefs of the parties, the legal file, and the record on appeal, and find the claim of error to be without merit. An extended opinion would have no precedential value or serve any jurisprudential purpose. The parties have been furnished with a memorandum for their information only, setting forth the reasons for this order pursuant to Rule 84.16(b).